CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695

Attorneys for Plaintiff
Bounlop Phanthalasy

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BOUNLOP PHANTHALASY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HAWAIIAN AGENTS, INC., JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>　　　　Defendants. | CIVIL NO. 18-1-0820-05 BIA<br>(Other Civil Action)<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

COMES NOW Plaintiff BOUNLOP PHANTHALASY, by and through his attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendants, alleges and avers as follows:


RECEIVED
$ 315.00

## FACTS

1. Plaintiff BOUNLOP PHANTHALASY (hereinafter "PHANTHALASY") is and was at all times mentioned herein a resident of the City and County of Honolulu, State of Hawaii.

2. Defendant HAWAIIAN AGENTS, INC., (hereinafter "HAWAIIAN") is a domestic profit corporation incorporated in the State of Hawaii.

3. The Defendants named in this Complaint under the names of JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5 and DOE GOVERNMENTAL AGENCIES 1-5 (hereinafter "DOE DEFENDANTS") are persons, organizations or entities whose identities at the present time are unknown to Plaintiff despite the exercise of due diligence. They are sued in this Complaint under fictitious names. Investigation as to the true identities was conducted by Plaintiff. Investigation as to the identity of DOE DEFENDANTS continues and Plaintiff is informed and believes and thereupon alleges that direct or indirect conduct of these other Defendants, presently unknown to Plaintiff, was or may have been a proximate cause of the incident complained of and/or the damage or loss thereby sustained by Plaintiff as a result of which all Defendants, unidentified and identified, may be legally, jointly, and severally liable to Plaintiff for the said losses sustained, inasmuch as the conduct of each Defendant may have coincided and/or concurred with that of each and every other Defendant, named or unnamed.

4. Plaintiff PHANTHALASY was hired by Defendant HAWAIIAN on February 1, 2015.

5. On June 7, 2017, Plaintiff was forced to resign from employment with Defendant HAWAIIAN in lieu of being discharged and charged criminally with theft of company property.

6. Plaintiff filed a Charge of Discrimination with the Hawaii Civil Rights Commission ("HCRC") which was assigned FEPA No. 19875.

7. On February 22, 2018, the HCRC issued a Notice of Dismissal and Right to Sue letter. Therefore Plaintiff has exhausted his administrative remedies.

8. Plaintiff alleges the following facts in support of his claims herein:

    A. Plaintiff PHANTHALASY was hired by Defendant HAWAIIAN on February 1, 2015.

    B. On June 7, 2017, Plaintiff was falsely accused of being involved in the theft of a 2,000-pound fork lift battery on April 13, 2017. Plaintiff's supervisor had been involved with the theft of the battery.

    C. Plaintiff denied any involvement in a theft, but was still threatened with being discharged and charged criminally if he did not resign from employment with Defendant HAWAIIAN. Defendant had surveillance video showing the supervision perpetrating the theft.

    D. Plaintiff was forced to resign his position based upon the aforesaid threats with Defendant HAWAIIAN.

    E.    Plaintiff alleges that he was threatened and forced to quit based on his Laotian ancestry and national origin.

    F.    Plaintiff was one of the few Laotians working for Defendant HAWAIIAN.

    G.    Defendant HAWAIIAN'S employees largely comprised of workers of Filipino ancestry and national origin.

    H.    Plaintiff had not received any disciplinary actions against him, and was fully qualified to perform the job duties within his employment with Defendant HAWAIIAN when he was forced to resign.

COUNT I

VIOLATION OF DISCRIMINATION LAWS

9. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

10. The actions of Defendant's agents and employees were in violation of Hawaii Revised Statutes § 378-2 in that Plaintiff was wrongfully terminated, and suffered discrimination in terms, conditions, and privileges of his employment due to his national origin.

11. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of Hawaii Revised Statutes § 378-2.

12. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and

earning capacity, loss of fringe and pension benefits, and other benefits due him.

13. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

14. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT II

### RETALIATION

15. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

16. The actions of Defendant's agents and employees in terminating Plaintiff or otherwise discriminating against him because he opposed the discrimination alleged herein were in violation of 42 U.S.C. § 12203, for which Plaintiff is entitled to an award of damages to be proven at trial.

17. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by

aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

    A.    For reinstatement to his position with Defendant HAWAIIAN with full benefits; and

    B.    For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

    C.    For special damages, including back pay, front pay and other expenses; and

    D.    For damages for retaliation; and

    E.    For punitive damages; and

    F.    For attorney's fees, costs, and interest, including prejudgment interest; and

    G.    For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, _____May 23_____, 2018.

_____
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Bounlop Phanthalasy

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BOUNLOP PHANTHALASY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HAWAIIAN AGENTS, INC., JOHN ) <br> DOES 1-5, JANE DOES 1-5, DOE ) <br> CORPORATIONS 1-5, DOE ) <br> PARTNERSHIPS 1-5, DOE NON- ) <br> PROFIT ORGANIZATIONS 1-5, and ) <br> DOE GOVERNMENTAL AGENCIES 1-5,) <br> ) <br> Defendants. ) <br> _____) | CIVIL NO. 18-1-0820-05 BIA <br> (Other Civil Action) <br><br> SUMMONS |

SUMMONS

TO THE DEFENDANTS:

You are hereby summoned and required to file with the Court and to serve upon plaintiff's attorneys, whose addresses are stated above, an answer to the complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE PUBLIC, UNLESS A JUDGE OF THE DISTRICT OR CIRCUIT COURTS PERMITS, IN WRITING ON THE SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.
FAILURE TO OBEY THE SUMMONS MAY RESULT IN AN ENTRY OF A DEFAULT AND DEFAULT JUDGMENT AGAINST THE PERSON SUMMONED.

DATED: Honolulu, Hawaii, MAY 23 2018 _____.

_____
CLERK OF THE COURT